**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **MANUEL HUMBERTO REYNOSO,** *Petitioner,* v. **UNITED STATES OF AMERICA,** *Respondent.* | **CIVIL NO. 19-1100 (DRD)** **(Related to Crim. No. 16-620-01 (DRD)** |

**OPINION AND ORDER**

Pending before the Court is Manuel Humberto Reynoso's ("Petitioner" or "Reynoso") *Pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* in Criminal Case No. 16-620. *See* D.E. 1.[1] Respondent, the United States of America (hereinafter, the "Government") duly filed a response in opposition thereto. *See* D.E. 5.

For the reasons stated herein, the Court **DENIES** Petitioner's *Motion to Vacate Under 28 U.S.C. § 2255*.

**I. BACKGROUND**

On October 5, 2016, a Grand Jury returned a Three-Count Indictment against Petitioner. Reynoso was charged with knowingly and intentionally attempting to possess with the intent to distribute five hundred (500) grams or more of a mixture and substance containing cocaine, a Schedule II narcotic controlled substance, in violation of Title 21, U.S.C § 841(a)(1) and (b)(1)(B) (hereinafter, "Count One"); knowingly and intentionally possessing with the intent to distribute a mixture and substance containing cocaine, a Schedule II narcotic controlled substance, in violation of Title 21, U.S.C. § 841(a)(1) and (b)(1)(C) (hereinafter, "Count

---

[1] D.E. is an abbreviation for docket entry number.

Two"); and knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of Title 18, U.S.C. § 924(c)(1)(A) (hereinafter, "Count Three"). *See* Related Crim. No. 16-620 (DRD), D.E. 7.

On June 14, 2017, Reynoso pleaded guilty to Counts One and Three of the Indictment. *See* Related Crim. No. 16-620 (DRD), D.E. 50. Accordingly, on December 29, 2017, the Court sentenced Petitioner to a term of 30 months of imprisonment as to Count One, and a term of 60 months of imprisonment as to Count Three, to be served consecutively with each other for a total term of 90 months. *See* Related Crim. No. 16-620 (DRD), D.E. 65. As Reynoso did not appeal, his conviction became final 14 days thereafter.

On January 13, 2019, the Petitioner filed the instant *pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* pursuant to 28 U.S.C § 2255 wherein he claims entitlement of relief pursuant to *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Reynoso argues that in holding 18 U.S.C. § 16(b) to be void for vagueness in *Dimaya,* the Supreme Court recognized a new right under which his motion was timely in accordance with Paragraph 6 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255.  *See*  D.E. 1. Ancillary to Reynoso's claim for relief under *Dimaya* were *Johnson v. United States*, 576 U.S. ____, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 578 U.S. ____ (2016). *Id*. On April 3, 2019, the Government filed its *Response* in opposition thereto. *See* D.E. 5.

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may prevail in a petition to vacate, set aside, or correct his sentence by showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." However, "[r]elief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or

jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citations omitted); s*ee Knight v. United States*, 37 F.3d 769, 772-73 (1st Cir. 1994).

### III.   DISCUSSION

Petitioner filed his § 2255 Petition seeking his sentence to be vacated under *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), based on the fact that he was convicted under 18 U.S.C. § 924(c)(1)(A).

In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Johnson*, 576 U.S. at ____, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for defendants with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). The underlined portion is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide- ranging" and "indeterminate." *Id.* On April 18, 2016, the United States Supreme Court determined that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 578 U.S. ____ (2016), 136 S.Ct. 1257, 194 L.Ed. 2d 387.

In *Dimaya,* the Supreme Court echoed its determination in *Johnson*, holding that "just like [the] ACCA's residual clause, 'section 16(b) produces more unpredictability and arbitrariness than the Due

Process Clause tolerates.'" *Sessions v. Dimaya*, 138 S.Ct. 1204, 1223 (2018)(Quoting its decision in *Johnson*, at 135 S.Ct., at 2558*)*. The Immigration and Nationality Act (INA) renders deportable any alien convicted of an "aggravated felony" after entering the United States.[2] 8 U.S.C. § 1227(a)(2)(A)(iii). *Sessions v. Dimaya*, 138 S.Ct. at 1210. The INA defines "aggravated felony" by listing numerous offenses and types of offenses, often with cross-references to federal criminal statutes. According to one item on that long list, an aggravated felony includes "a crime of violence (as defined in section 16 of title 18 ...) for which the term of imprisonment [is] at least one year." § 1101(a)(43)(F). <u>*Id.* at 1211.</u> The specified statute, 18 U.S.C. § 16, provides the federal criminal code's definition of "crime of violence." Its two parts, often known as the elements clause and the residual clause, cover: "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or "(b) <u>any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.</u>" (emphasis added). Hewing to the logic of *Johnson*, §16(b), the residual clause, was held to be impermissibly vague in violation of due process.

Reynoso was convicted as to § 924(c)(1)(A), which prohibits the possession of a firearm in furtherance of a "crime of violence" or a "drug trafficking crime." Particularly, § 924(c)(3) defines a "crime of violence" as "an offense that is a felony and - (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) that <u>by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense</u>." 18 U.S.C. § 924(c)(3)(B) (emphasis added).  The underlined portion above is known as the "residual clause"

---

[2] For context, the INA is mentioned herein as the Government initiated removal proceedings against Dimaya, claiming that Dimaya's burglary conviction constituted a crime of violence as defined in 18 U.S.C. § 16, which was incorporated into the INA's definition of an aggravated felony.

of § 924(c)(3). In a nutshell, Petitioner's argument is that because § 924(c)(3)(b) is indistinguishable from §§ 924(e)(2)(b)(ii) and 16(b), his Count Three conviction should be vacated. The Court notes that in the time since Reynoso filed his § 2255 Petition, the Supreme Court also invalidated § 924(c)(3)(b) on void for vagueness grounds. In *United States v. Davis*, the Supreme Court stated that § 924(c)(3)(b) bore "more than a passing resemblance" to the parts of the statutes examined and invalidated in *Johnson* and *Dimaya*, and thus held the former to be "unconstitutionally vague." *United States v. Davis* 139 S.Ct. 2319 (2019), at 2325 and at 2336. Thus, almost prophetically, Reynoso was correct in arguing that any attempt to distinguish § 924(c)(3)(b) from §§ 924(e)(2)(b)(ii) and 16(b) would be futile. Under the relevant circumstances, however, this argument is meaningless and affords Petitioner no grounds for relief. Reynoso was sentenced under the provision of 18 U.S.C. § 924(c) which pertains to the use of a <u>firearm during and in relation to a drug crime</u> pursuant to the *Plea Agreement*. (emphasis added) *See* Related Crim. No. 16-620 (DRD), D.E. 7 and 50. *See also United States v. Hare*, 820 F.3d 93, 105-06 (4th Cir. 2016)(declining to address the merits of a *Johnson* claim where the defendant was convicted of possessing a firearm in furtherance of a drug trafficking crime). As neither the conviction nor the sentence in this case rest upon § 924(c)'s definition of a "crime of violence," but upon the use of a firearm in furtherance of a drug trafficking crime, *Johnson*, *Dimaya*, and *Davis* are inapplicable to the circumstances of Petitioner's case. Thus, the Petitioner's *Dimaya* related claim is meritless.

     Accordingly, the Court hereby **DENIES** Petitioner, Manuel Humberto Reynoso's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* in Criminal Case No. 16-620 (DRD) (D.E. 1).

## IV.   CONCLUSION

For the reasons elucidated above, the Court determines that Petitioner, Manuel Humberto Reynoso's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* in Criminal Case No. 12-414 (DRD) (D.E. 1) is meritless and, hence, must be **DENIED.** Judgment of dismissal is to be entered accordingly.

It is further ordered that no certificate of appealability should be issued in the event that Petitioner filed a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of October, 2021.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge